| UNITED STATES BANKRUPTCY COURT | FOR PUBLICATION |
| SOUTHERN DISTRICT OF NEW YORK | |

-------------------------------------------------------x
                                :
In re:                            :
                                :     Case No.: 08-14016 (MG)
     ELIZABETH JANE HESS,     :     Chapter 13
                                :
                     Debtor   :
-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISALLOW CLAIMS 3, 4, AND 7

*A P P E A R A N C E S:*

Elizabeth Jane Hess
120 W. 105th Street
Apt. 4G
New York, NY 10025
*Pro Se Debtor*

Jeffrey Sapir, Esq.
399 Knollwood Road
Suite 102
White Plains, NY 10603
By: Jody L. Kava, Esq.
*Standing Chapter 13 Trustee in SDNY*

**MARTIN GLENN**
United States Bankruptcy Judge

      This case highlights the importance of scrutinizing carefully all filed proofs of claims to determine whether creditors are attempting to collect stale debts. In this case, a non-lawyer *pro se* debtor, Elizabeth Jane Hess ("Debtor"), filed Motions to Disallow Claims numbered 3, 4, and 7 ("Motions") in this case under chapter 13 (ECF Docs. No. 26, 28). Debtor asserts that claims 3, 4, and 7 ("Claims") each arose more than six years before the filing of her bankruptcy petition, and are therefore barred by the applicable statute of limitations pursuant to New York C.P.L.R. §

213. For the reasons explained below, the Debtor's Motions are granted and claims 3, 4 and 7 are expunged.

## BACKGROUND

Debtor filed a voluntary petition commencing a case under chapter 7 on October 14, 2008. The case was voluntarily converted to a case under chapter 13 pursuant to 11 U.S.C. § 706(a) on December 19, 2008 (ECF Doc. # 14). On January 13, 2009, LVNV Funding LLC ("LVNV"), a bulk-claims buyer, filed claims 3 and 4 in the amounts of $392.41 and $696.25, respectively. LVNV asserts that it purchased claim 3 from OSI/AT&T Broadband LLC; on its face, claim 3 shows that it was charged-off by the original creditor on October 19, 1993. Similarly, LVNV asserts it purchased claim 4 from NCO Portfolio Management; on its face, claim 4 shows that it was charged-off by the original creditor on July 10, 1992. These two debts were not listed in the Debtor's schedules.

On January 26, 2009, Peoples Gas Light & Coke Company ("PGL") filed claim 7 in the amount of $575.10 for unpaid residential heating services. The claim shows that the last billing statement date was dated April 25, 1998. This debt was not listed in the Debtor's schedules.

On March 30, 2009, the Debtor filed motions to disallow claims 3, 4 and 7 (ECF Docs. # 26, 28).[1] Debtor asserts that New York Civil Practice Law and Rules (C.P.L.R.) § 213, which imposes a six-year statute of limitations on actions for breach of contract, bars LVNV and PGL from recovering money on their claims.[2] N.Y. C.P.L.R. § 213. Neither creditor has filed a response to the Debtor's motions to disallow the claims.

---

[1] Debtor's first motion, ECF Doc. No. 26, is entitled *Re: Debtor's Motion to Disallow Proof of Claims #2 and #3 Filed By LVNV Funding LLC.*, however the relevant claims filed by LVNV are numbered 3 and 4. Likewise, Debtor's second motion, ECF Doc. No. 28, is entitled *Re: Debtor's Motion to Disallow Proof of Claim #10 Filed By Peoples Gas Light and Coke Co.,* although the relevant claim is actually number 7 according to ECF.

[2] Debtor asserts that she contacted LVNV and PGL on March 27, 2009, inquiring about these claims. Debtor asserts that each alleged creditor confirmed that its claim was too old to be enforceable. Debtor's assertions were

# DISCUSSION

## A. Claims Rendered Unenforceable by the Statute of Limitations are Not Allowable Under Bankruptcy Code §§ 501(b)(1) and 558

Section 101(5) of the Bankruptcy Code defines a "claim" as a "right to payment" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5). The Supreme Court has held that a "'right to payment' [means] nothing more nor less than an enforceable obligation." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). Section 502(b)(1) provides that a claim is allowable unless it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *Vanston Bondholders Protective Comm. v. Green,* 329 U.S. 156, 161 (1946) (footnote omitted). In addition, § 558 provides that the estate "shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation . . . ." 11 U.S.C. § 558. Therefore, the plain language of §§ 502(b)(1) and 558 indicates that if the applicable state statute of limitations bars enforceability of a claim, it is not allowable.

## B. The Statute of Limitations Precludes Enforcement But Does Not Extinguish the Underlying Debt

C.P.L.R. § 213 provides that "an action upon a contractual obligation or liability" must be commenced within six years. N.Y. C.P.L.R. § 213(2). While the statute of limitations precludes a remedy, it does not extinguish the creditor's underlying substantive right to repayment. 51

---

not made under oath and will not be considered by the Court in deciding these motions. Because all three claims show on their faces that they are more than six years old, the Court is able to resolve the pending motions without

AM. JUR. 2D *Limitations of Actions* §§ 25, 301 (2d ed. 2008) (citing *Clark v. Abbot Labs.,* 553 N.Y.S.2d 929 (4th Dep't 1990)). Further:

> In the case of a debt, the statute of limitations does not, after the prescribed period, have the same effect as a discharge or payment, but runs only against the remedy by permitting the debtor to say that the obligation is stale, and therefore should not be enforced. In other words, a debt that is barred by the statute of limitations is not extinguished; it is simply unenforceable at law, as the statute of limitations is a defense to its enforcement.

*Id.* at § 28 (citations omitted). In other words, "[w]hile the statute of limitations acts as a bar to recovery of a debt after a stated period, it ordinarily does not extinguish the debt itself. The law merely deprives a creditor of the right to enforce payment in the courts." *Bernstein v. Allstate Ins. Co.,* 288 N.Y.S.2d 646, 648 (Civ. Ct. 1968).

There is a tension between § 502(b)(1)'s provision that claims that are unenforceable as a matter of law are not allowable, and the common law doctrine that statutes of limitation do not discharge the underlying debt. Bankruptcy courts in New York have nevertheless found that claims barred by the state's statutes of limitation should be disallowed, although certain conduct by the debtor could revive the claim. *See WHBA Real Estate Ltd. P'ship v. Lafayette Hotel P'ship (In re Lafayette Hotel P'ship)*, 227 B.R. 445, 454 (S.D.N.Y. 1998) (claim not time-barred because court found that debtor's partial repayment of loan revived the statute of limitations); *G.W. White & Son, Inc. v. Tripp,* 1995 WL 65058, at *2 (N.D.N.Y. 1995) ("Whether the claim would be enforceable outside of bankruptcy is determined by looking to 'any applicable law,' including state statutes of limitations. Therefore, if a claim would be unenforceable against the debtor outside of bankruptcy because the statute of limitations has run, the claim will not be allowed in bankruptcy.") (citations omitted); *In re Brill,* 318 B.R. 49, 53 (Bankr. S.D.N.Y. 2004) (same).

---

any evidentiary hearing, particularly as the alleged creditors did not file any responses to the motions.

In *Brill,* Judge Morris applied the six-year statute of limitations in C.P.L.R. § 213 to a claim by the debtor's brother, who was attempting to collect an unpaid sum based upon a promissory note, and found that the claim should be disallowed because more than six years had elapsed since the debtor last made a payment on the note. *Id.* Though evidence of subsequent communications between the parties was provided by the creditor, Judge Morris found that the substance of the correspondence did not evince intent by the debtor to repay the debt, which could have revived the statute of limitations.[3] *Id.* at 58. The claim was therefore disallowed under § 502(b)(1). *Id.*

Similarly, numerous other courts have held that if a creditor's claim is barred by the statute of limitations, it should be disallowed. The procedure for dealing with such claims is described in *In re Simpson,* 2008 WL 4216317, at *2 (Bankr. N.D. Ala. Aug. 29, 2008):

> Procedurally, the claims resolution process provides the remedy for time-barred claims. Initially, if the claim or debt is not scheduled by the debtor or scheduled as disputed, unliquidated or contingent, the claimant has the burden of filing a proof of claim pursuant to Bankruptcy Rule 3001(a). Once properly filed, a proof of claim is *prima facie* evidence of the claim's validity and amount. FED. R. BANKR.P. 3001(f). If the debtor contests the claim, the burden is on the debtor to object to the claimant's claim. Once the debtor has filed an objection to claim, the Court can disallow a claim on any of the grounds set forth in section 502(b) of the Bankruptcy Code. If, however, a claim that might otherwise be barred by the statute of limitations is not objected to, the claim will be paid pursuant to the Bankruptcy Code. On the other hand, if an objection is filed and sustained based on any number of grounds set forth in section 502(b), the claim will be disallowed. The filing of time-barred claims is one of the grounds set forth in section 502(b) further illustrating that the filing of a time-barred claim does not create a cause of action. The claims allowance process of the Bankruptcy Code contemplates that time-barred claims may be filed and expressly preserves the statute of limitations as a defense and a ground for disallowance of the claim.

---

[3] New York G.O.L. § 17-101 provides that "an acknowledgement or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the civil practice law and rules . . . ."

5

*See also In re Chausee,* 399 B.R. 225, 240 n.16 (9th Cir. BAP 2008) ("Because the statute of limitations is an affirmative defense, a debtor is indeed burdened by the requirement that an objection be filed to a proof of claim that is, on its face, clearly time-barred."); *In re McGregor,* 398 B.R. 561, 563 (Bankr. N.D. Miss. 2008) (disallowing claim because there were "no genuine issues of material fact in dispute" that the claim was barred by Mississippi's applicable statute of limitations); *In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008) ("In many states . . . statutes of limitation are affirmative defenses that must be affirmatively pled. Consequently, a proof of claim based on a stale claim will be deemed allowed under § 501(a) unless the affirmative defense is raised in a filed objection.") (citations omitted).

In this case, LVNV and PGL timely filed proofs of claims 3, 4 and 7. The Debtor objected to these claims on the grounds that they are time-barred by C.P.L.R. § 213. No response to the motions was filed. On the face of these proofs of claims, it is clear that each claim is indeed barred by New York's six-year statute of limitations. Therefore, the Debtor's objections to the claims are sustained and proofs of claims 3, 4 and 7 are expunged.

### C. Debtors and Their Counsel, If They Are Represented, and the Chapter 13 Trustee Should Scrutinize and Object to Stale Claims

In most circumstances it would be enough for the Court to stop with its ruling sustaining the objections and expunging the claims. But these claims and objections highlight a larger problem for this and other bankruptcy courts across the country. Two of the three claims at issue here were filed by LVNV, one of numerous bulk-claims purchasers that regularly file stale claims in bankruptcy courts. As stated in *In re Andrews*, 394 B.R. at 387, "[t]he phenomena of bulk debt purchasing has proliferated and the uncontrolled practice of filing claims with minimal or no review is a new development that presents a challenge for the bankruptcy system." While

agreeing that the practice of bulk-claims purchasers filing stale claims is a serious problem, the court rejected the debtor's argument that the conduct was sanctionable, as had other courts before it.[4] *Id.* (citing cases). As pointed out in *Andrews*:

> Allowing claims based on unchallenged proofs of claim is efficient and economical in most cases. However, requiring debtors to file objections and to raise affirmative defenses to large numbers of stale claims filed by assignees based on a business model rather than after careful review and evaluation is both burdensome and expensive.

*Id.* The solution suggested by the court was rules amendments:

> The court will ask the Advisory Committee on Bankruptcy Rules to consider whether changes should be made to the Federal Rules of Bankruptcy Procedure and to the Official Bankruptcy Forms to alleviate the significant burden on individual debtors and on the bankruptcy system caused by the large number of undocumented, stale claims being filed by the bulk purchasers of charged-off debts. . . . Finally, because the federal rule-making process typically takes no less than three years to produce a new rule, this issue will also be referred, with the consent of the two other judges of this district, to the Local Rules Committee . . . .

*Id.* at 389.

Unless and until local or national rules changes are made, it is incumbent on debtors, their counsel, and the Chapter 13 Trustee, carefully to scrutinize proofs of claims to identify and object, if appropriate, to stale claims. The Chapter 13 Trustee clearly has standing under Bankruptcy Code § 1302(b)(3) to object to stale claims. *See Overbaugh v. Household Bank N.A. (In re Overbaugh)*, 559 F.3d 125, 129 (2d Cir. 2009). Particularly in cases with *pro se* debtors, the Chapter 13 Trustee plays a crucial role and has an important responsibility in assuring that only proper claims are allowed and paid from the debtor's estate.

---

[4] No request for sanctions has been made in this case. While the Court would not be inclined to grant sanctions in these circumstances even if the Court could do so, the Court does not foreclose consideration of motions for sanctions or other relief based on filing of stale claims in future cases.

## CONCLUSION

The three Claims at issue are clearly time-barred by C.P.L.R. § 213. Section 502(b)(1) of the Bankruptcy Code provides that a claim is not allowable if applicable law bars enforcement against the debtor. Therefore, the objections to claims 3, 4, and 7 are SUSTAINED and claims 3, 4 and 7 are DISALLOWED and EXPUNGED.

**IT IS SO ORDERED.**

DATED:   May 6, 2009
         New York, New York

                              /s/Martin Glenn
                              MARTIN GLENN
                              United States Bankruptcy Judge